UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES MATLEAN,<br><br>　　　　　　　　Petitioner,<br>v.<br>BRIAN WILLIAMS, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:16-cv-00233-HDM-VPC<br><br>ORDER |

　　　　Petitioner James Matlean has submitted a purported *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, a motion for stay and abeyance, and he has now paid the filing fee (ECF Nos. 1-1, 1-2, 4).

　　　　While Matlean used one page of the court's required form for a § 2254 petition (*see* ECF No. 1-1, p. 2), he did not otherwise use or follow the court's form. LSR 3-1 ("A petition for writ of habeas corpus filed by a person who is not represented by an attorney must be on the form provided by this court"). Moreover, petitioner failed to set forth any grounds for relief; he merely states that he wishes to bring all claims that he previously presented to the Nevada Supreme Court (ECF No. 1-1, p. 3). He then attached numerous state-court filings, including his appeal and his appeal of the denial of his first state postconviction petition. Petitioner also indicated that his appeal of his second state postconviction petition is pending before the Nevada Supreme Court and that he brought that petition in order to exhaust some grounds he wishes to raise here.

　　　　Petitioner's filing is insufficient. He must set forth each ground for federal habeas relief in the space provided on this court's form and otherwise complete the form. The

court shall not sort through the more than 100 pages in an attempt to discern what claims petitioner wishes to raise. Moreover, petitioner has not indicated what grounds he asserted in his still-pending second state postconviction. Accordingly, petitioner shall, within forty-five days of the date of this order, file an amended petition, on the court's form, that sets forth each ground for which he seeks federal relief.

Matlean has also asked this court to stay the federal proceedings in accordance with *Rhines v. Weber* pending the conclusion of his state postconviction proceedings (ECF No. 1-2).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Thus, the court may stay a petition containing unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544

U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id*. An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

Here, petitioner has not even identified for this court the nature of his unexhausted claims. Accordingly, petitioner's motion for stay is denied without prejudice. If petitioner elects to file an amended petition and if he can demonstrate that he meets the standard for a stay he may file a new motion for stay and abeyance.

**IT IS THEREFORE ORDERED** that the Clerk shall detach and file the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that within **forty-five (45) days** of the date of this order petitioner shall file an amended petition on the court-required form in conformance with this order.

**IT IS FURTHER ORDERED** that the Clerk shall detach and file petitioner's motion for stay (ECF No. 1-2).

**IT IS FURTHER ORDERED** that petitioner's motion for stay is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that failure to file an amended petition in conformance with this order may result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

DATED: November 2, 2016.

                        HOWARD D. MCKIBBEN
                        UNITED STATES DISTRICT JUDGE