UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES MATLEAN,

    Petitioner,

v.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 3:16-cv-00233-HDM-VPC

ORDER

    Pursuant to this court's order, petitioner James Matlean has submitted a *pro se* amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 8). The court has reviewed the petition pursuant to Habeas Rule 4, and it shall be docketed and served on respondents.

    In its November 2, 2016 order directing Matlean to file an amended petition that set forth all grounds he wished to present, this court also denied Matlean's motion for stay of his original federal habeas petition without prejudice (ECF No. 5). Matlean notes in passing in the amended petition that he "is still in need" of a stay (ECF No. 8, p. 15); however, no motion is before the court. Moreover, the court set forth the standard for granting a stay of a petition containing unexhausted claims in its previous order, yet Matlean makes no attempt whatsoever to demonstrate that his unexhausted grounds meet the standard.

Finally, the court notes that grounds 5, 7 and 11 of the first-amended petition are claims of ineffective assistance of state postconviction counsel. However, the ineffective assistance of counsel in state collateral postconviction proceedings is not a cognizable ground for relief in federal habeas corpus. 28 U.S.C. § 2254(i); *Pennsylvania v. Finley*, 481 U.S. 551 (1990). Therefore, grounds 5, 7, and 11 are dismissed.

**IT IS THEREFORE ORDERED** that the Clerk **shall ELECTRONICALLY SERVE** the amended petition (ECF No. 8) on the respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that grounds 5, 7, and 11 of the first-amended petition are **DISMISSED** as noncognizable in federal habeas corpus.

**IT IS FURTHER ORDERED** that respondents shall file a response to the petition, including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to

2

28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that the parties SHALL SEND courtesy copies of all exhibits in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

DATED: 5 January 2017.

*Howard D. McKibben*
_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE