UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES MATLEAN,<br><br>                  Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>                  Respondents. | Case No. 3:16-cv-00233-HDM-VPC<br><br>ORDER |

This habeas matter comes before the court on respondents' motion to dismiss petitioner James Matlean's counseled, second-amended petition (ECF No. 22). Matlean opposed (ECF No. 25), and respondents replied (ECF No. 26).

**I.    Procedural History and Background**

On December 20, 2011, Matlean pleaded guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to first-degree murder and conspiracy to commit murder (exhibit 25).[1]  The guilty plea agreement provided that the parties would recommend a term of life with the possibility of parole after twenty years, with a consecutive term of 4 to 10 years. *Id*. On March 16, 2012, the state district court stated that the recommended sentence was too lenient and sentenced Matlean to life without the possibility of parole for murder and to 4 to 10 years for the conspiracy, to run concurrently, and the judgment of conviction was entered.  Exhs. 30, 31.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 22, and are found at ECF No. 23.

1

The Nevada Supreme Court affirmed Matlean's conviction on April 10, 2013. Exh. 40. Matlean filed a state postconviction habeas corpus petition. The Nevada Supreme Court affirmed the denial of the petition on December 16, 2015, and remittitur issued on January 14, 2016. Exhs 72, 73.

Matlean dispatched his federal habeas petition for filing on or about April 26, 2016 (ECF No. 1-1). This court issued an order stating that the purported habeas petition did not set forth any grounds for relief and directing Matlean to file an amended petition (ECF No. 5). Matlean filed an amended petition on December 21, 2016 (ECF No. 8). This court directed that the amended petition be served on respondents and also dismissed grounds 5, 7, and 11 as not cognizable in federal habeas corpus (ECF No. 9). Subsequently, Matlean filed a motion for counsel, which this court granted (ECF No. 10, 12). Matlean filed a counseled, second-amended petition on November 6, 2017 (ECF No. 19). Respondents argue that some claims in the second-amended petition do not relate back to the first-amended petition and that some grounds are unexhausted (ECF No. 22).

II.     **Legal Standards & Analysis**

   a.  **Relation Back**

Respondents argue that none of the six grounds in the second-amended petition relate back to the first-amended petition, and therefore, the second-amended petition should be dismissed as untimely (ECF No. 19). The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. §

2244(d)(1)(A). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

The parties do not dispute that the first-amended petition was timely filed and that the second-amended petition was filed after the expiration of the AEDPA one-year time limitation. Matlean argues that the claims in his second-amended petition need only relate back to either his original *pro se* filing or his *pro se* first-amended petition. This is incorrect; Matlean's first filing, as this court stated in its order dated November 2,

3

2016, failed to set forth any grounds for federal habeas relief. This court specifically explained:

> Petitioner's filing is insufficient. He must set forth each ground for federal habeas relief in the space provided on this court's form and otherwise complete the form. The court shall not sort through the more than 100 pages in an attempt to discern what claims petitioner wishes to raise. Moreover, petitioner has not indicated what grounds he asserted in his still-pending second state postconviction. Accordingly, petitioner shall, within forty-five days of the date of this order, file an amended petition, on the court's form, that sets forth each ground for which he seeks federal relief

(ECF No. 5, pp. 1-2). In response to that order, Matlean timely filed his first-amended petition (ECF No. 8). The claims in the second-amended petition must, therefore, relate back to the first-amended petition in order to be timely.

The second-amended petition sets forth six grounds for relief:

ground 1: Matlean's guilty plea was not knowing, voluntary, and intelligent in violation of his Fifth, Sixth, and Fourteenth Amendment rights because (A) his attorney coerced him into taking the deal by promising him $20,000 in exchange for pleading guilty; (B) his medications rendered him unable to enter a voluntary plea; and (C) he was unaware of a possible voluntary intoxication defense;

ground 2: the prosecutor breached the plea agreement by failing to abide by the spirit of the agreement at sentencing, in violation of Matlean's Fifth, Sixth, and Fourteenth Amendment rights;

ground 3: Matlean's counsel was ineffective during plea negotiations, in violation of his Sixth and Fourteenth Amendment rights when counsel (A) coerced Matlean into pleading guilty; (B) permitted him to plead guilty when he knew that Matlean's medications rendered him unable to voluntarily enter into the plea agreement; and (C) failed to advise Matlean about a voluntary intoxication defense;

ground 4: Matlean's counsel was ineffective for failing to file a motion to withdraw guilty plea after Matlean requested that he do so, in violation of his Fifth, Sixth, and Fourteenth Amendment rights;

ground 5: the court heard improper victim impact testimony at sentencing, in violation of Matlean's Fifth, Eighth, and Fourteenth Amendment rights;

ground 6: at sentencing, counsel was ineffective when he (A) failed to object that the prosecutor's statements breached the plea agreement and (B) failed to object to victims' improper sentencing recommendations, in violation of Matlean's Sixth and Fourteenth Amendment rights (ECF No. 19, pp. 13-30).

Respondents argue that only ground 3(B) of the second-amended petition relates back to the first-amended petition. However, having reviewed the petitions, the court concludes that in several claims in the second-amended petition Matlean merely adds a new legal theory tied to the same operative facts that he already set forth. Mayle, 545 U.S. at 659 and n.5; *Ha Van Nguyen*, 736 F.3d at 1297.

Ground 2 (the prosecutor breached the plea agreement by failing to abide by the spirit of the agreement at sentencing) and ground 6(A) (counsel was ineffective when he failed to object that the prosecutor's statements breached the plea agreement) relate back to ground 2 of the first-amended petition (*see* ECF No. 8, pp. 6-7).

Ground 1(B) (Matlean's medications rendered him unable to enter a voluntary plea) and ground 3(B) (counsel was ineffective when he permitted Matlean to plead guilty when he knew that Matlean's medications rendered him unable to voluntarily enter into the plea agreement) relate back to ground 3 of the first-amended petition (*see* ECF No. 8, p. 9).

Ground 4 (Matlean's counsel was ineffective for failing to file a motion to withdraw guilty plea after Matlean requested that he do so) relates back to ground 4 of the first-amended petition (*see* ECF No. 8, p. 11).

Accordingly, grounds 1(B), 2, 3(B), 4, and 6(A) relate back and are timely. Grounds 1(A), 1(C), 3(A), 3(C), 5, and 6(B) do not relate back and are, therefore, dismissed as untimely.

### b. Grounds 3(B) and 6 (A) and Exhaustion and Procedural Default

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Respondents argue that ground 3(B) – the claim that counsel was ineffective when counsel permitted Matlean to plead guilty when counsel knew that Matlean's medications rendered him unable to voluntarily enter into the plea agreement -- is unexhausted (ECF No. 22, p. 10). This court has reviewed the state-court record, and Matlean did not present this ineffective assistance of counsel claim to the state's highest court. *See* exh. 69. Accordingly, 3(B) is unexhausted. With respect to ground 6(A),

Matlean acknowledges on the face of his petition that this claim is unexhausted (ECF No. 19, p. 30).

Matlean next argues that this court should deem the claims technically exhausted but procedurally defaulted. "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Matlean acknowledges that if he returned to the state courts with these claims, they would be defaulted as untimely and successive. *See* 28 U.S.C. §2254(b)(1)(B).

He contends that he can demonstrate cause and prejudice to excuse the default of these grounds pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), because he received ineffective assistance of state postconviction counsel (ECF No. 25).

The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim. *Coleman*, 501 U.S. at 750. In *Martinez*, the Court established a "narrow exception" to that rule. The Court explained that,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17. The Ninth Circuit has provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland [v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014) (citations omitted).

Here, the *Martinez* analysis with respect to these claims is intertwined with the analysis of the underlying merit of the claims. As grounds 1(B), 2 and 4 will be briefed on the merits, the court will defer a decision on whether Matlean can show cause and prejudice under *Martinez* to excuse the default of grounds 3(B) and 6(A). Thus, the

parties shall brief the merits of these claims, as well as the merits of grounds 1(B), 2, and 4, in the answer and reply.

III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 22) is **GRANTED** in part as follows:

Grounds 1(A), 1(C), 3(A), 3(C), 5, and 6(B) are **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that respondents shall file an answer within **thirty (30) days** from the date of this order. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

DATED: August 17, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE