| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEVADA |
| | * * * |
| JAMES MATLEAN, | Case No. 3:16-cv-00233-HDM-CBC |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This court granted respondents' motion to dismiss James Matlean's 28 U.S.C. § 2254 petition in part (ECF No. 28). The court concluded that several claims did not relate back to the second-amended petition and thus were subject to dismissal as time-barred. Now before the court is Matlean's motion for reconsideration of that order (ECF No. 30). Respondents opposed (ECF No. 32), and Matlean replied (ECF No. 33).

District courts possess inherent authority to reconsider and rescind interlocutory orders while a case remains pending. *See Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Changes in legal or factual circumstances, newly discovered evidence, clear error, a manifestly unjust decision by the court, or an intervening change in controlling law may warrant reconsideration. LR 59-1(a). However, motions for reconsideration are disfavored. LR 59-1(b).

Matlean urges the court to reconsider its decision that several claims in the third-amended petition do not relate back and are untimely (ECF No. 30). Matlean reasserts

1

his argument that the claims in his second-amended petition need only relate back to either his original *pro se* filing or his *pro se* first-amended petition.

As set forth in this court's order granting the motion to dismiss in part and in the original order directing Matlean to amend, Matlean's first filing failed to set forth any grounds for federal habeas relief. This court specifically explained:

> Petitioner's filing is insufficient. He must set forth each ground for federal habeas relief in the space provided on this court's form and otherwise complete the form. The court shall not sort through the more than 100 pages in an attempt to discern what claims petitioner wishes to raise. Moreover, petitioner has not indicated what grounds he asserted in his still-pending second state postconviction. Accordingly, petitioner shall, within forty-five days of the date of this order, file an amended petition, on the court's form, that sets forth each ground for which he seeks federal relief (ECF No. 5, pp. 1-2).

In response to that order, Matlean timely filed his first-amended petition (ECF No. 8).

Matlean argues that his original petition sufficiently incorporated the attachments he included, and therefore, that claims in his third-amended petition may relate back to either his original or first-amended petition. Habeas Rule 2 prescribes that a petitioner must use the court-required form or substantially follow the form and that the petition must specify all grounds for relief available to the petitioner and the facts supporting each ground. The Supreme Court has recognized an exception when the habeas petition expressly incorporates attached material by reference. *Dye v. Hofbauer*, 546 U.S. 1 (2005). In *Dye*, the Court concluded that incorporation was sufficient because the habeas corpus petition "made clear and repeated references to an appended supporting brief, which presented [petitioner's] federal claim with more than sufficient particularity." *Id*. at 4.

2

Matlean argues in the motion for reconsideration that the subsequent Ninth Circuit Court of Appeals July 2018 opinion in *Ross v. Williams* supports his position. 896 F.3d 958. In *Ross*, the petitioner used this court's form, but wrote substantially the same thing under each ground:

Counsel was ineffective for failing to:

1) Secure a speedy trial

2) Failed to review evidence and adequately prepare

3) Failed to file pretrial motions

4) Failed to argue the prejudice of evidence lost prior to trial

5) Failed to prepare for jury selection

6) Failed to prepare for trial

7) Failed to retain defense experts

8) Failed to object to the state's use of expert witness

Ross also attached a copy of the Nevada Supreme Court's order of affirmance. *Id*. at 962-963. The district court appointed counsel for Ross, and he filed an amended petition after the AEDPA statute of limitations had expired. *Id*. at 963.

The Ninth Circuit concluded that Ross' attachment of the Nevada Supreme Court order of affirmance did not serve to make that document part of his habeas petition. *Id.* at 966-967. The court reaffirmed its reasoning in *Dye* and explained that Ross did not make clear and repeated references to the attachment and that the attachment did not present his claims with more than sufficient particularity. *Id*. at 967.

Contrary to Matlean's assertions, *Ross* in fact supports this court's conclusion that Matlean's original filing failed to set forth any claims for relief. Matlean's filing

consisted of a single page of the form petition (page 2, which asks for information such as state case number, sentence, state plea and state counsel) followed by a handwritten page that stated "petitioner has attached his grounds in the exact same format each ground was presented to [the state courts] to fulfill the requirements of exhaustion under AEDPA provisions . . . ." Despite this statement, Matlean did not set forth grounds as presented to the state court. Instead, what follows are more than 130 pages of state-court proceedings, including a motion for reconsideration, the Nevada Supreme Court order affirming his convictions, appellate briefs, his state postconviction petition and the state district court order denying the petition (*see* ECF No. 6). Matlean used no other part of the form petition, and thus, he did not even have a petition to incorporate any attachments. It was unclear what claims he sought to raise.[1] Accordingly, the court directed Matlean to file an amended petition.

Matlean has not persuaded the court that there is a basis to reconsider its decision on the motion to dismiss. The motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to respond to the motion for reconsideration (ECF No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file notice of supplemental authorities (ECF No. 34) is **GRANTED**. The Clerk shall detach and file the notice of supplemental authorities and exhibit at ECF Nos. 34-1 and 34-2.

---

[1] Moreover, subsequent to the briefing on the motion for reconsideration, the Ninth Circuit has decided to rehear *Ross v. Williams* en banc. 920 F.3d 1222 (9th Cir. April 16, 2019) (*see* ECF No. 34).

**IT IS FURTHER ORDERED** that respondents shall file an answer within **30 days** from the date of this order.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

DATED: June 6, 2019.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE