UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES MATLEAN,<br><br>                Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>                Respondents. | Case No. 3:16-cv-00233-HDM-VPC<br><br>ORDER |

      This court denied Nevada state prisoner James Matlean's habeas corpus petition on the merits in March 2020, and judgment was entered. (ECF Nos. 50, 51.) Matlean appealed, and the Ninth Circuit Court of Appeals denied a certificate of appealability. (ECF Nos. 52, 54.) About a year and one-half after the court of appeals' decision, Matlean has filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 57.) Respondents opposed, and Matlean replied. (ECF Nos. 59, 61.) The motion is denied.

      Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1).

      Rule 60(b) applies in habeas corpus proceedings only to the extent that it is not inconsistent with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Habeas corpus petitioners cannot "utilize a Rule 60(b) motion to make an end-run around the requirements of

AEDPA" or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Calderon v. Thompson*, 523 U.S. 538, 547 (1998); see also *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir.2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254.").

AEDPA generally limits a petitioner to one federal habeas corpus motion and precludes "second or successive" habeas corpus petitions unless the petitioner meets certain narrow requirements. *See* 28 U.S.C. § 2244(b). The statute provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence. *Id*. § 2244(b)(2)(A)-(B); see also *Gonzalez*, 545 U.S. at 529–30.

In *Gonzalez*, the Court held that a legitimate Rule 60(b) motion in a habeas action "attacks ... some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction." 545 U.S. at 530, 532.

Here, Matlean argues that his guilty plea agreement violated his due process rights. (ECF No. 57.) He does not attack the integrity of the federal habeas proceedings; he asks for a second chance to have the merits of his petition determined favorably. Thus, this filing is not a Rule 60(b) motion but instead is a second or successive habeas corpus petitions, which is proscribed under AEDPA. 28 U.S.C. § 2244(b).[1] Therefore, Matlean's motion is denied.

---

[1] Petitioner would have to obtain authorization from the court of appeals before he could proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

2

After filing an opposition to Matlean's motion, respondents filed a motion asking to be relieved of responding to any future pro se pleadings in this case. (ECF No. 60.) Good cause appearing, the court grants the motion. Respondents need not respond to any further pro se filings in this case unless specifically ordered by this court.

**IT IS THEREFORE ORDERED** that petitioner's motion to vacate judgment (ECF No. 57) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that respondents' motion to relieve respondents from responding to future pro se pleadings (ECF No. 60) is **GRANTED**.

DATED: 13 October 2022.

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE